**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA TRADEMARK ) <br> HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNORTH LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiff Motorola Trademark Holdings, LLC ("**Motorola Trademark Holdings**") hereby alleges for its complaint against Defendant UNorth LLC as follows:

### Nature of the Case

1. This is an action involving infringement and dilution of registered trademarks under the Lanham Act of 1946, as amended, 15 U.S.C. § 1501 *et seq.* Plaintiff Motorola Trademark Holdings owns numerous federal trademark registrations for MOTOROLA, MOTO, and other MOTO-formative marks, and it licenses those marks to other entities. (Motorola Trademark Holdings, its predecessors in interest, and related entities are referred to collectively herein as "**Motorola**.") Motorola uses those marks on, among other goods and services, cellular phones, wearable electronic devices, and related accessories, and the marks have become synonymous with the high-quality, innovative communications-related goods and services Motorola provides to millions of consumers.

2. Well after Motorola adopted, registered, and began using its various MOTO-formative marks—including the mark MOTO—Defendant UNorth LLC ("**UNorth**") adopted, applied to register, and began using and/or advertising the mark MOTA for a variety of

cellphone accessories and wearable electronic devices that interact with cellphones, including a product UNorth calls the "MOTA SmartWatch" and a product it calls the "MOTA SmartGlass 3D Interactive Glasses." UNorth's use of the mark MOTA for such products, and its ongoing and intentional efforts to encroach upon Motorola's intellectual property rights is likely to cause confusion with and dilute Motorola's use of MOTOROLA, MOTO, and other MOTO-formative marks for cellular phones, cellphone accessories, wearable electronic devices, and related goods.

3. Following unsuccessful efforts to resolve this matter without litigation, Motorola Trademark Holdings brings this action to eliminate UNorth's unauthorized and infringing use and registration of a trademark that is nearly identical and confusingly similar to marks owned by Motorola Trademark Holdings and for damages caused by UNorth's acts.

**Parties**

4. Plaintiff Motorola Trademark Holdings is a Delaware limited liability company with its principal place of business at 222 West Merchandise Mart Plaza, Chicago, Illinois 60654. Motorola Trademark Holdings is a holding company for various trademarks—including those alleged herein—and is responsible for licensing those trademarks to its affiliates and other entities.

5. On information and belief, Defendant UNorth is a California limited liability company with its principal place of business in or near Sunnyvale, California.

**Jurisdiction**

6. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of Counts I–III pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

7. This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are

so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has jurisdiction over UNorth because UNorth directed the acts complained of herein to residents of this judicial district, because it committed acts of infringement in this judicial district, and because Motorola suffered harm within this judicial district as a result of UNorth's acts complained of herein.

9. The Northern District of Illinois is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events giving rise to Motorola Trademark Holdings' claims occurred in this judicial district and because the intellectual property alleged to be damaged by UNorth's acts is owned by Motorola Trademark Holdings in this judicial district.

## Facts

### *Motorola and Its Trademarks*

10. Since 1928, Motorola has been an innovator in the communications and electronics industries. Among other innovations, Motorola produced the first hands-free cellular phone product for a car (1983) and the world's first commercial handheld cellular phone (made available to consumers in 1984).

11. For decades, Motorola has been well known by the general consuming public as a leader in the telecommunications industry and as a source of cellphones, smartphones, and accessories for mobile devices, including, without limitation, cellphone chargers, cases, and hands-free devices. For many years, Motorola's products have been leaders in the industry.

12. At least as early as May 1930, Motorola adopted and began using the trademark MOTOROLA.

13. At least as early as May 2002, Motorola adopted and began using the mark MOTO, alone and in connection with other terms to form various MOTO-based trademarks, in connection with Motorola's goods and services. "MOTO" is short for "MOTOROLA" and is recognized as such by the general consuming public.

14. Motorola Trademark Holdings owns all rights, title, and interest in and to a number of MOTOROLA trademarks and service marks, including the following, among others, registered with the United States Patent and Trademark Office ("**USPTO**"): MOTOROLA and MOTOROLA & Design, U.S. Registration Nos. 1,671,037 (registered January 7, 1992), 2,190,864 (registered September 22, 1998), and 3,934,668 (registered March 22, 2011); and M MOTOROLA & Design, U.S. Registration Nos. 1,680,185 (registered March 24, 1992) and 0,887,046 (registered March 3, 1970). These MOTOROLA marks are registered for use in connection with, among other things, cellular telephones and related accessories, including, but not limited to, batteries, battery chargers, power adapters, and cases.

15. Motorola Trademark Holdings also owns all rights, title, and interest in and to the trademark MOTO for, among other things, the following goods in International Trademark Class ("**Class**") 9:

> Telephones, cellular telephones, . . . and related accessories for the foregoing goods, namely, headsets, microphones, speakers, [and] carrying cases . . . ; . . . digital radio transceivers or receivers for data, voice, image and video communication, . . . batteries, battery chargers, [and] power adapters.

U.S. Reg. No. 3,402,839 (registered March 25, 2008).

16. Additionally, to reflect the natural expansion of the products Motorola offers under its MOTO mark, Motorola Trademark Holdings has filed with the USPTO three additional applications. Specifically, in filing U.S. Application Serial No. 86/145,111, Motorola Trademark Holdings seeks registration of the mark MOTO with an updated list of goods and services,

including, among many others, protective cases, covers, and skins; batteries; battery chargers; power adapters; and wearable computing peripherals. Similarly, Motorola Trademark Holdings has filed U.S. Application Serial No. 86/221,499 to register the mark MOTO for smart watches (i.e., mobile devices with smartphone capabilities that can be worn like a traditional wristwatch) and related accessories. Motorola Trademark Holdings also has filed U.S. Application Serial No. 86/221,128, seeking registration of the mark MOTO 360 for smart watches, wearable mobile devices, and related goods and accessories.

17. Motorola Trademark Holdings also owns all rights, title and interest in and to several other MOTO-based trademarks, including but not limited to MOTO X, MOTO G, MOTOACTV, and MOTOMAKER, as well as other MOTO-based trademarks that are registered with the USPTO. (The marks referenced in paragraphs 14–17 are collectively referred to herein as the "**MOTO Marks**.")

18. Each of Motorola Trademark Holding's foregoing trademark registrations is valid, subsisting, and in full force and effect. Additionally, U.S. Registration Nos. 0,887,046; 1,671,037; and 1,680,185 have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

19. Motorola Trademark Holdings, either directly or through extensive use by its predecessors in interest and/or its licensees, has also acquired significant common law rights in the MOTO Marks for use with myriad goods and services offered by Motorola and/or its licensees.

20. As a result of Motorola's extensive promotion of the MOTO Marks and goods and services sold in connection with those marks, as well as Motorola's extensive sales of goods and services in connection with the MOTO Marks, these marks are well known among the

general consuming public. In the past ten years alone, Motorola has spent billions of dollars in advertising, marketing, and otherwise promoting goods and services in the United States in connection with the MOTO Marks. Since the MOTO Marks were first adopted, Motorola has sold hundreds of millions of goods in the United States in connection with those marks.

*UNorth and Its Infringing Acts*

21. On February 28, 2012, well after Motorola Trademark Holdings had acquired rights in the mark MOTO for use in connection with cellphones and related goods and services, UNorth filed an application with the USPTO, seeking registration of the mark MOTA for use in connection with various cellphone-related goods in Class 9.

22. On October 9, 2012, the USPTO issued federal Registration No. 4,221,546 for the mark MOTA for use in connection with the following goods in Class 9:

> Remote control apparatus sold separately for use with toys, namely, toy helicopters, vehicle, vehicles, bird, animals, robots, and dolls; Batteries and battery chargers; Camera hardware systems comprised of cameras and monitors for IP (Internet protocol) video surveillance; Carrying cases for electronic equipment, namely, cellphones, smartphones, tablets, and laptops; Carrying cases specially adapted for pocket calculators and cellphones; Cell phone battery chargers; Chargers for batteries; Earphone accessories, namely, earphone cushions, earphone pads, cord management systems, earphone cases, and earphone extension cords; Electronic device to charge and secure tablet PCs; Electronic sound devices containing pre-recorded sounds for placement in toy vehicles; Electronic timers; Electronic video surveillance products, namely, electronic components of security systems; Night vision goggles; Radio transmitters and receivers for remote controls, radio controls; Remote control transmitter for radio-controlled devices; Transmitter and receiver used to locate lost pets; Wireless transmitters and receivers.

23. On April 10, 2014, UNorth applied to register the MOTA mark in connection with additional goods, namely, "Wearable digital electronic devices comprised primarily of software and display screens for viewing phone data, time and date, alerts, and other information gathered from the phone, communication with the phone and also featuring a wristwatch," in Class 9 (U.S. Application Serial No. 86/247,859), and "Smart watches comprised primarily of a

wristwatch also featuring talk function, software and display screens for viewing phone data, time and date, alerts, and other information gathered from the phone, communication with the phone," in Class 14 (U.S. Application Serial No. 86/247,855). UNorth claims in its trademark applications that its MOTA mark is already in use for all of the goods listed in the applications.

24. Many of the goods listed in UNorth's Registration No. 4,221,546 and Application Nos. 86/247,859 and 86/247,855) are goods that are identical or closely related to the goods offered by Motorola and/or its licensees under the MOTO Marks.

25. On information and belief, UNorth currently uses its MOTA mark in connection with, among other goods, cellphone accessories, including cellphone battery cases, battery chargers, and charging cables; wearable electronic devices that interact with cellular phones; and a toy helicopter that can be controlled using a smartphone or tablet computer.

26. UNorth's MOTA mark is highly similar to Motorola Trademark Holdings' MOTO Marks in sight, sound, and commercial impression. The similarity is especially pronounced with UNorth's MOTA mark and Motorola Trademark Holdings' MOTO mark, as both marks are four-letter words, consisting of the letters M-O-T followed by a single vowel, and both marks are two-syllable words in which the emphasis in pronunciation is on the first syllable, which contains a long "o" sound.

27. UNorth promotes its MOTA-branded goods to consumers throughout the United States, including on its website at *http://www.mota.com*, and has specifically promoted and offered for sale MOTA-branded goods in this judicial district.

28. UNorth offers its MOTA-branded goods for purchase directly through its website at *http://www.mota.com*. On information and belief, UNorth also is now accepting preorders for

its MOTA-branded wearable smart watch device and intends to begin shipping the product on June 20, 2014.

### *Motorola's Efforts to Resolve Its Concerns Without Litigation*

29. Upon learning of UNorth's Registration No. 4,221,546 and its use of the MOTA mark on goods identical and closely related to those on which Motorola uses its MOTO Marks, Motorola's counsel asked UNorth to abandon its registration and agree to cease and desist from all use of the mark MOTA in connection with any goods related to cellular telephones, tablet computers, radio transmitters and receivers, and related accessories.

30. Responding through counsel, UNorth informed Motorola of its position that "there is and can be no likelihood of confusion between the two marks."

31. Motorola's counsel responded by rejecting the position that there is no likelihood of confusion between the marks MOTO and MOTA used on identical and closely related goods. Motorola's counsel demanded again that UNorth amend its registration to remove all conflicting goods, explaining that Motorola intended to seek cancellation of UNorth's registration if the parties could not reach an agreement.

32. Notwithstanding UNorth's knowledge of Motorola's prior rights in the MOTO Marks, it has refused to comply with Motorola's demands, claiming that UNorth's use of MOTA on mobile phone accessories and related goods is not likely to cause confusion with Motorola's prior use of MOTO on mobile phones, accessories, and related goods.

33. Since receiving notice of Motorola's objections to its use of the MOTA mark, UNorth not only has continued its use of the MOTA mark on accessories for cellular phones, but it has expanded its offerings under the MOTA mark to include a wearable smart watch device and wearable interactive glasses that interact with mobile devices. UNorth also filed additional

applications with the USPTO seeking registration of the mark MOTA for these additional goods that are identical or nearly identical to those offered by Motorola under its MOTO Marks.

34. Motorola has never authorized UNorth's use or registration of the MOTA mark.

## **Count I**

### **Infringement of Federally Registered Trademarks**
### **(15 U.S.C. § 1114)**

35. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–34 as if fully restated herein.

36. Motorola Trademark Holdings owns and has rights to use its federally registered MOTO Marks in connection with, among other things, mobile phones, accessories for mobile phones, wearable electronic devices, and related goods and services.

37. UNorth uses the mark MOTA in connection with accessories for mobile phones, wearable electronic devices, and other goods related to mobile phones.

38. Motorola's rights in its aforementioned registered MOTO Marks predate UNorth's first use of, and application to register, the mark MOTA.

39. The mark MOTA is highly similar to the MOTO Marks in sight, sound, and commercial impression.

40. The goods on which UNorth uses its MOTA mark are the same as, or related to, the goods on which Motorola uses its MOTO Marks.

41. UNorth's use of the mark MOTA is likely to cause confusion with Motorola's use of its registered MOTO Marks in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

42. As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

43. By registering and using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

44. Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

## Count II

### False Designation of Origin
### (15 U.S.C. § 1125(a))

45. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–44 as if fully restated herein.

46. Through longstanding use, Motorola Trademark Holdings, directly or through its predecessors in interest and/or its licensees, owns and has rights to use numerous MOTO Marks in connection with, among other things, mobile phones, accessories for mobile phones, wearable electronic devices, and related goods and services.

47. UNorth uses the mark MOTA in connection with accessories for mobile phones, wearable electronic devices, and other goods related to mobile phones.

48. Motorola Trademark Holdings' rights in its aforementioned MOTO Marks predate UNorth's first use of, and application to register, the mark MOTA in connection with accessories for mobile phones and other goods related to mobile phones.

49. UNorth's use of the mark MOTA is likely to cause confusion with Motorola's use of its MOTO Marks in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

50. As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

51. By registering and using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

52. Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

### Count III

**Dilution by Blurring
(15 U.S.C. § 1125(c))**

53. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–44 as if fully restated herein.

54. Motorola Trademark Holdings owns and has rights to use its federally registered MOTO Marks in connection with mobile phones, wearable electronic devices, accessories for mobile phones, and related goods.

55. As a result of Motorola's extensive use of the MOTO Marks, the general consuming public in the United States has grown to recognize Motorola Trademark Holdings' MOTO Marks as distinctive and famous, and Motorola Trademark Holdings' registered MOTO Marks acquired such fame prior to UNorth's first use of, or application to register, its MOTA mark.

56. UNorth's use of the mark MOTA is likely to impair the distinctiveness of Motorola Trademark Holdings' famous MOTO Marks, resulting in dilution by blurring in violation of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c).

57. As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

58. Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

### Count IV

**Violation of Illinois Uniform Deceptive Trade Practices Act
(815 ILCS 510/1 *et seq.*)**

59. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–58 as if fully restated herein.

60. UNorth has used and is using the MOTA mark in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods in commerce in such a

manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

61. As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

62. By using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

63. Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

64. UNorth's acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

## Count V

### Violation of Illinois Unfair Business Practices Act
### (815 ILCS 505/1 *et seq.*)

65. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–64 as if fully restated herein.

66. UNorth's acts complained of herein violate the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

67. As a result of UNorth's acts complained of herein, Motorola Trademark Holdings has been harmed.

13

**Prayer for Relief**

WHEREFORE, Motorola Trademark Holdings requests that judgment be granted in its favor and against UNorth and that this Court award it the following relief:

A. A preliminary injunction and a final, permanent injunction against UNorth and all those in active concert or participation with UNorth, prohibiting them from using the mark MOTA in connection with any mobile phones, accessories for mobile phones, or related goods, including but not limited to batteries, power supplies, power adapters, cases, and wearable electronic devices that interact with cellular phones;

B. An order that all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or promotional materials bearing the mark MOTA, or any mark that is confusingly similar to the MOTO Marks, be disabled, removed, and destroyed, along with the means for making the same, and that all Internet websites, online advertising, marketing, promotions, or other online materials bearing the mark MOTA be disabled, removed, and destroyed;

C. An order that UNorth must file with the Court and serve on Motorola Trademark Holdings' counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which UNorth has complied with the injunction;

D. Damages in an amount to be proven at trial sufficient to compensate Motorola Trademark Holdings for all damages caused by UNorth's conduct, with such damages to be trebled if appropriate within the Court's discretion;

E. Disgorgement of all profits or other unjust enrichment obtained by UNorth as a result of UNorth's conduct complained of herein, with the amount of such profits increased to

the extent they are inadequate to compensate Motorola Trademark Holdings for the harm incurred as a result of UNorth's acts;

F. All allowable costs associated with this action;

G. Motorola Trademark Holdings' attorneys' fees under 15 U.S.C. § 1117 and/or 815 ILCS 510/3;

H. Pre- and post-judgment interest;

I. An Order Pursuant to 15 U.S.C. § 1119, that UNorth's Federal Trademark Registration No. 4,221,546 be cancelled; and

J. Any and all additional relief that this Court deems just.

## Jury Demand

Motorola Trademark Holdings hereby demands a trial by jury on all issues as to which trial by jury is allowed.

Dated: June 6, 2014

Respectfully submitted,

/s/Kristin J. Achterhof
Kristin J. Achterhof (6206476)
Jeffrey A. Wakolbinger (6297872)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Fax: (312) 902-1061
kristin.achterhof@kattenlaw.com
jeff.wakolbinger@kattenlaw.com

*Attorneys for Motorola Trademark Holdings, LLC*