| | |
|---|---|
| MOTOROLA TRADEMARK HOLDINGS, LLC, | |
| Plaintiff, | Case No. 14-cv-4215 |
| v. | Judge Rebecca R. Pallmeyer |
| UNORTH LLC, | Magistrate Judge Geraldine Soat Brown |
| Defendant. | |

## ANSWER

Defendant UNorth LLC ("Defendant" or "UNorth") answers Plaintiff's Complaint as follows:

### Nature of the Case

1.     This is an action involving infringement and dilution of registered trademarks under the Lanham Act of 1946, as amended, 15 U.S.C. § 1501 *et seq.* Plaintiff Motorola Trademark Holdings owns numerous federal trademark registrations for MOTOROLA, MOTO, and other MOTO-formative marks, and it licenses those marks to other entities. (Motorola Trademark Holdings, its predecessors in interest, and related entities are referred to collectively herein as "**Motorola**.") Motorola uses those marks on, among other goods and services, cellular phones, wearable electronic devices, and related accessories, and the marks have become synonymous with the high-quality, innovative communications-related goods and services Motorola provides to millions of consumers.

**ANSWER:**     Defendant admits that this action involves claims under the Lanham Act, and that Plaintiff is the owner of multiple trademark registrations for MOTOROLA,

MOTO, and marks including the word MOTO. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 1, and therefore qualifiedly denies those allegations.

2. Well after Motorola adopted, registered, and began using its various MOTO- formative marks—including the mark MOTO—Defendant UNorth LLC ("**UNorth**") adopted, applied to register, and began using and/or advertising the mark MOTA for a variety of cellphone accessories and wearable electronic devices that interact with cellphones, including a product UNorth calls the "MOTA SmartWatch" and a product it calls the "MOTA SmartGlass 3D Interactive Glasses." UNorth's use of the mark MOTA for such products, and its ongoing and intentional efforts to encroach upon Motorola's intellectual property rights is likely to cause confusion with and dilute Motorola's use of MOTOROLA, MOTO, and other MOTO-formative marks for cellular phones, cellphone accessories, wearable electronic devices, and related goods.

**ANSWER:** Defendant admits that it adopted and began using its mark on or before November 28, 2011, and that Plaintiff adopted the MOTO mark before Defendant adopted the MOTA mark. Defendant admits that it has registered and uses its mark in connection with a wide range of goods, including but not limited to toys, remote control transmitters, batteries, battery chargers, smart watches, and smart glass products. Defendant denies the remaining allegations in paragraph 2.

3. Following unsuccessful efforts to resolve this matter without litigation, Motorola Trademark Holdings brings this action to eliminate UNorth's unauthorized and infringing use and registration of a trademark that is nearly identical and confusingly similar to marks owned by Motorola Trademark Holdings and for damages caused by UNorth's acts.

**ANSWER:** Defendant admits that the parties have made unsuccessful efforts to settle this dispute, and that Plaintiff seeks an injunction and damages. Defendant lacks sufficient information to confirm or deny Plaintiff's motives in bringing this action, and therefore denies those allegations contained in paragraph 3 which purport to explain such motives. Defendant denies that its use and registration of the MOTA marks require or required Plaintiff's authorization. Defendant denies that its use and registration of the MOTA marks were or are infringing. Defendant denies that the MOTA marks are nearly identical and confusingly similar to plaintiff's marks. Defendant denies any remaining allegations in paragraph 3.

### Parties

4.      Plaintiff Motorola Trademark Holdings is a Delaware limited liability company with its principal place of business at 222 West Merchandise Mart Plaza, Chicago, Illinois 60654. Motorola Trademark Holdings is a holding company for various trademarks—including those alleged herein—and is responsible for licensing those trademarks to its affiliates and other entities.

**ANSWER:** Defendant admits that Plaintiff is a Delaware limited liability company with its principal place of business at 222 West Merchandise Mart Plaza, Chicago, Illinois 60654. Defendant has insufficient information to admit or deny the remaining allegations in paragraph 4, and therefore qualifiedly denies those allegations.

5.      On information and belief, Defendant UNorth is a California limited liability company with its principal place of business in or near Sunnyvale, California.

**ANSWER:** Defendant denies that it is a California limited liability company. Defendant avers that it has reorganized as a Delaware corporation named UNorth, Inc., and that its principal place of business was and is located at 250 Santa Ana Ct., Sunnyvale, California 94085.

## Jurisdiction

6. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of Counts I–III pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** Defendant admits the allegations in paragraph 6.

7. This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER:** Defendant admits the allegations in paragraph 7.

8. This Court has jurisdiction over UNorth because Unorth directed the acts complained of herein to residents of this judicial district, because it committed acts of infringement in this judicial district, and because Motorola suffered harm within this judicial district as a result of Unorth's acts complained of herein.

**ANSWER:** Defendant admits that this Court has personal jurisdiction over it, but denies the remaining allegations in paragraph 8.

9. The Northern District of Illinois is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events giving rise to Motorola Trademark Holdings' claims occurred in this judicial district and because the intellectual

property alleged to be damaged by Unorth's acts is owned by Motorola Trademark Holdings in this judicial district.

**ANSWER:**     Defendant admits the allegations in paragraph 9.

**<u>Facts</u>**

***Motorola and Its Trademarks***

10.     Since 1928, Motorola has been an innovator in the communications and electronics industries. Among other innovations, Motorola produced the first hands-free cellular phone product for a car (1983) and the world's first commercial handheld cellular phone (made available to consumers in 1984).

**ANSWER:**     Defendant has insufficient information to admit or deny the allegations in paragraph 10, and therefore qualifiedly denies those allegations.

11.     For decades, Motorola has been well known by the general consuming public as a leader in the telecommunications industry and as a source of cellphones, smartphones, and accessories for mobile devices, including, without limitation, cellphone chargers, cases, and hands-free devices. For many years, Motorola's products have been leaders in the industry.

**ANSWER:**     Defendant has insufficient information to admit or deny the allegations in paragraph 11, and therefore qualifiedly denies those allegations.

12.     At least as early as May 1930, Motorola adopted and began using the trademark MOTOROLA.

**ANSWER:**     Defendant admits that various of Plaintiff's trademark registrations allege use in May 1930, but has insufficient information to admit or deny the remaining allegations in paragraph 12 and therefore qualifiedly denies those allegations.

13.     At least as early as May 2002, Motorola adopted and began using the mark MOTO, alone

and in connection with other terms to form various MOTO-based trademarks, in connection with Motorola's goods and services. "MOTO" is short for "MOTOROLA" and is recognized as such by the general consuming public.

**ANSWER:** Defendant has insufficient information to admit or deny that Motorola adopted and began using the mark MOTO in or before May 2002, and therefore qualifiedly denies that allegation. Defendant has insufficient information to admit or deny that the general consuming public recognizes "MOTO" as short for "MOTOROLA," and therefore qualifiedly denies that allegation. Defendant denies any remaining allegations contained in paragraph 13.

14. Motorola Trademark Holdings owns all rights, title, and interest in and to a number of MOTOROLA trademarks and service marks, including the following, among others, registered with the United States Patent and Trademark Office ("**USPTO**"): MOTOROLA and MOTOROLA & Design, U.S. Registration Nos. 1,671,037 (registered January 7, 1992), 2,190,864 (registered September 22, 1998), and 3,934,668 (registered March 22, 2011); and M MOTOROLA & Design, U.S. Registration Nos. 1,680,185 (registered March 24, 1992) and 0,887,046 (registered March 3, 1970). These MOTOROLA marks are registered for use in connection with, among other things, cellular telephones and related accessories, including, but not limited to, batteries, battery chargers, power adapters, and cases.

**ANSWER:** Defendant has insufficient information to admit or deny the allegations in paragraph 14, and therefore qualifiedly denies those allegations.

15. Motorola Trademark Holdings also owns all rights, title, and interest in and to the trademark MOTO for, among other things, the following goods in International Trademark Class ("**Class**") 9:

Telephones, cellular telephones, . . . and related accessories for the foregoing goods, namely, headsets, microphones, speakers, [and] carrying cases . . . ; . . . digital radio transceivers or receivers for data, voice, image and video communication, . . . batteries, battery chargers, [and] power adapters.

U.S. Reg. No. 3,402,839 (registered March 25, 2008).

**ANSWER:** Defendant has insufficient information to admit or deny the allegations in

paragraph 15, and therefore qualifiedly denies those allegations.

16. Additionally, to reflect the natural expansion of the products Motorola offers under its MOTO mark, Motorola Trademark Holdings has filed with the USPTO three additional applications. Specifically, in filing U.S. Application Serial No. 86/145,111, Motorola Trademark Holdings seeks registration of the mark MOTO with an updated list of goods and services, including, among many others, protective cases, covers, and skins; batteries; battery chargers; power adapters; and wearable computing peripherals. Similarly, Motorola Trademark Holdings has filed U.S. Application Serial No. 86/221,499 to register the mark MOTO for smart watches (i.e., mobile devices with smart phone capabilities that can be worn like a traditional wristwatch) and related accessories. Motorola Trademark Holdings also has filed U.S. Application Serial No. 86/221,128, seeking registration of the mark MOTO 360 for smart watches, wearable mobile devices, and related goods and accessories.

**ANSWER:** Defendant admits that Plaintiff has filed the applications listed in paragraph 16 for

goods and services including the goods listed in paragraph 16, but denies that

such applications reflect the natural expansion of the products Motorola offers

under its MOTO mark. Defendant denies the remaining allegations in paragraph

16.

17. Motorola Trademark Holdings also owns all rights, title and interest in and to several other MOTO-based trademarks, including but not limited to MOTO X, MOTO G, MOTOACTV,

and MOTOMAKER, as well as other MOTO-based trademarks that are registered with the USPTO. (The marks referenced in paragraphs 14–17 are collectively referred to herein as the "**MOTO Marks**.")

**ANSWER:** Defendant admits that Defendant is the owner of U.S. Trademark Registration Nos. 4516328 (for MOTO X), and 4199052 (for MOTOACTV). Defendant admits that Plaintiff has at least four pending applications in the USPTO for marks that incorporate the word MOTO. Defendant has insufficient information to admit or deny that Plaintiff has rights in a MOTOMAKER mark. Defendant denies the remaining allegations in paragraph 17.

18. Each of Motorola Trademark Holding's foregoing trademark registrations is valid, subsisting, and in full force and effect. Additionally, U.S. Registration Nos. 0,887,046; 1,671,037; and 1,680,185 have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

**ANSWER:** Defendant admits the allegations in paragraph 18.

19. Motorola Trademark Holdings, either directly or through extensive use by its predecessors in interest and/or its licensees, has also acquired significant common law rights in the MOTO Marks for use with myriad goods and services offered by Motorola and/or its licensees.

**ANSWER:** Defendant has insufficient information to admit or deny the allegations in paragraph 19 and therefore qualifiedly denies those allegations.

20. As a result of Motorola's extensive promotion of the MOTO Marks and goods and services sold in connection with those marks, as well as Motorola's extensive sales of goods and services in connection with the MOTO Marks, these marks are well known among the general

consuming public. In the past ten years alone, Motorola has spent billions of dollars in advertising, marketing, and otherwise promoting goods and services in the United States in connection with the MOTO Marks. Since the MOTO Marks were first adopted, Motorola has sold hundreds of millions of goods in the United States in connection with those marks.

**ANSWER:**    Defendant has insufficient information to admit or deny the allegations in paragraph 20, and therefore qualifiedly denies those allegations.

### *UNorth and Its Infringing Acts*

21.    On February 28, 2012, well after Motorola Trademark Holdings had acquired rights in the mark MOTO for use in connection with cellphones and related goods and services, UNorth filed an application with the USPTO, seeking registration of the mark MOTA for use in connection with various cellphone-related goods in Class 9.

**ANSWER:**    Defendant denies the statement in the heading that it has engaged in infringing acts.  Defendant admits that it filed the application which became U.S. Trademark Registration No. 4,221,546 on February 28, 2012.  Defendant admits that Reg. No. 4,221,546 protects the MOTA mark for use in connection with a wide variety of goods in Class 9, some of which goods are related to cell phones.  Defendant has insufficient information to admit or deny the allegations that Plaintiff acquired rights in the mark MOTO for use in connection with cell phones and certain related goods and services prior to February 28, 2012, and therefore qualifiedly denies those allegations. Defendant denies the remaining allegations in paragraph 21.

22.    On October 9, 2012, the USPTO issued federal Registration No. 4,221,546 for the mark MOTA for use in connection with the following goods in Class 9:

Remote control apparatus sold separately for use with toys, namely, toy helicopters, vehicle,

vehicles, bird, animals, robots, and dolls; Batteries and battery chargers; Camera hardware systems comprised of cameras and monitors for IP (Internet protocol) video surveillance; Carrying cases for electronic equipment, namely, cellphones, smartphones, tablets, and laptops; Carrying cases specially adapted for pocket calculators and cellphones; Cell phone battery chargers; Chargers for batteries; Earphone accessories, namely, earphone cushions, earphone pads, cord management systems, earphone cases, and earphone extension cords; Electronic device to charge and secure tablet PCs; Electronic sound devices containing pre-recorded sounds for placement in toy vehicles; Electronic timers; Electronic video surveillance products, namely, electronic components of security systems; Night vision goggles; Radio transmitters and receivers for remote controls, radio controls; Remote control transmitter for radio-controlled devices; Transmitter and receiver used to locate lost pets; Wireless transmitters and receivers.

**ANSWER:**   Defendant admits the allegations in paragraph 22.

23.     On April 10, 2014, UNorth applied to register the MOTA mark in connection with additional goods, namely, "Wearable digital electronic devices comprised primarily of software and display screens for viewing phone data, time and date, alerts, and other information gathered from the phone, communication with the phone and also featuring a wristwatch," in Class 9 (U.S. Application Serial No. 86/247,859), and "Smart watches comprised primarily of a wristwatch also featuring talk function, software and display screens for viewing phone data, time and date, alerts, and other information gathered from the phone, communication with the phone," in Class 14 (U.S. Application Serial No. 86/247,855). UNorth claims in its trademark applications that its MOTA mark is already in use for all of the goods listed in the applications.

**ANSWER:**   Defendant admits the allegations in paragraph 23.

24.     Many of the goods listed in UNorth's Registration No. 4,221,546 and Application Nos. 86/247,859 and 86/247,855) are goods that are identical or closely related to the goods offered by Motorola and/or its licensees under the MOTO Marks.

**ANSWER:**   Defendant denies the allegations contained in paragraph 24.

25.     On information and belief, UNorth currently uses its MOTA mark in connection with, among other goods, cellphone accessories, including cellphone battery cases, battery chargers,

and charging cables; wearable electronic devices that interact with cellular phones; and a toy helicopter that can be controlled using a smartphone or tablet computer.

**ANSWER:**    Defendant admits the allegations in paragraph 25.

26.    UNorth's MOTA mark is highly similar to Motorola Trademark Holdings' MOTO Marks in sight, sound, and commercial impression. The similarity is especially pronounced with UNorth's MOTA mark and Motorola Trademark Holdings' MOTO mark, as both marks are four-letter words, consisting of the letters M-O-T followed by a single vowel, and both marks are two-syllable words in which the emphasis in pronunciation is on the first syllable, which contains a long "o" sound.

**ANSWER:**    Defendant admits that the MOTO mark and the MOTA mark are both four letter words, that both marks consist of the letters M-O-T followed by a single vowel, and that both marks comprise two syllables.  Defendant denies that the MOTA mark is similar to the MOTO Marks in sight, sound, and commercial impression. Defendant denies the remaining allegations in paragraph 26.

27.    UNorth promotes its MOTA-branded goods to consumers throughout the United States, including on its website at *http://www.mota.com*, and has specifically promoted and offered for sale MOTA-branded goods in this judicial district.

**ANSWER:**    Defendant admits the allegations in paragraph 27.

28.    UNorth offers its MOTA-branded goods for purchase directly through its website at *http://www.mota.com*.  On information and belief, UNorth also is now accepting preorders for its MOTA-branded wearable smart watch device and intends to begin shipping the product on June 20, 2014.

**ANSWER:**    Defendant admits that it offers its MOTA-branded goods for purchase directly through its website, and submits that it is currently selling its MOTA SmartWatch

through its website.

*Motorola's Efforts to Resolve Its Concerns Without Litigation*

29.     Upon learning of UNorth's Registration No. 4,221,546 and its use of the MOTA mark on goods identical and closely related to those on which Motorola uses its MOTO Marks, Motorola's counsel asked UNorth to abandon its registration and agree to cease and desist from all use of the mark MOTA in connection with any goods related to cellular telephones, tablet computers, radio transmitters and receivers, and related accessories.

**ANSWER:**     Defendant admits that it received a letter from Plaintiff demanding that it abandon its registration and cease and desist from using the MOTA mark in connection with any goods related to cellular telephones, tablet computers, radio transmitters and receivers, and related accessories, but denies any implication in the allegation that it had any legal obligation to cease and desist from using the MOTA mark. Defendant has insufficient information upon which to form a belief as to whether Plaintiff sent this letter "upon" learning of Reg. No. 4,221,546, and therefore qualifiedly denies those allegations contained in paragraph 29 for which admission or denial would require such knowledge. Defendant denies the remaining allegations in paragraph 29.

30.     Responding through counsel, UNorth informed Motorola of its position that "there is and can be no likelihood of confusion between the two marks."

**ANSWER:**     Defendant admits the allegations in paragraph 30.

31.     Motorola's counsel responded by rejecting the position that there is no likelihood of confusion between the marks MOTO and MOTA used on identical and closely related goods. Motorola's counsel demanded again that UNorth amend its registration to remove all conflicting

goods, explaining that Motorola intended to seek cancellation of UNorth's registration if the parties could not reach an agreement.

**ANSWER:** Defendant admits the allegations in paragraph 31, but denies any implication in the allegation that it had any legal obligation to cease and desist from using the MOTA mark.

32. Notwithstanding UNorth's knowledge of Motorola's prior rights in the MOTO Marks, it has refused to comply with Motorola's demands, claiming that UNorth's use of MOTA on mobile phone accessories and related goods is not likely to cause confusion with Motorola's prior use of MOTO on mobile phones, accessories, and related goods.

**ANSWER:** Defendant admits the allegations in paragraph 32, but denies any implication in the allegation that it had any legal obligation to cease and desist from using the MOTA mark.

33. Since receiving notice of Motorola's objections to its use of the MOTA mark, UNorth not only has continued its use of the MOTA mark on accessories for cellular phones, but it has expanded its offerings under the MOTA mark to include a wearable smart watch device and wearable interactive glasses that interact with mobile devices. UNorth also filed additional applications with the USPTO seeking registration of the mark MOTA for these additional goods that are identical or nearly identical to those offered by Motorola under its MOTO Marks.

**ANSWER:** Defendant denies that the "additional goods" referred to in paragraph 33 are identical or nearly identical to those offered by Plaintiff under its MOTO marks. Defendant admits the remaining allegations in paragraph 33, but denies any implication in the allegation that it had any legal obligation to cease and desist from using the MOTA mark.

34. Motorola has never authorized UNorth's use or registration of the MOTA mark.

**ANSWER:**    Defendant admits the allegations in paragraph 34, but avers that no such authorization was or is necessary.

<u>**Count I**</u>

**Infringement of Federally Registered Trademarks (15 U.S.C. § 1114)**

35. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–34 as if fully restated herein.

**ANSWER:**    Defendant adopts and incorporates by reference its answers to paragraphs 1–34 as if fully restated herein.

36. Motorola Trademark Holdings owns and has rights to use its federally registered MOTO Marks in connection with, among other things, mobile phones, accessories for mobile phones, wearable electronic devices, and related goods and services.

**ANSWER:**    Defendant has insufficient information to admit or deny the allegations in paragraph 36, and therefore qualifiedly denies those allegations.

37. UNorth uses the mark MOTA in connection with accessories for mobile phones, wearable electronic devices, and other goods related to mobile phones.

**ANSWER:**    Defendant admits the allegations in paragraph 37 and avers that it also uses the mark in connection with remote control toys and other products.

38. Motorola's rights in its aforementioned registered MOTO Marks predate UNorth's first use of, and application to register, the mark MOTA.

**ANSWER:**    Defendant admits the allegations in paragraph 38.

39. The mark MOTA is highly similar to the MOTO Marks in sight, sound, and commercial impression.

**ANSWER:**    Defendant denies the allegations in paragraph 39.

40.    The goods on which UNorth uses its MOTA mark are the same as, or related to, the goods on which Motorola uses its MOTO Marks.

**ANSWER:**    Defendant admits that it is using the MOTA mark in connection with a smart watch and a series of accessories for cell phones.  Defendant admits that Plaintiff has disclosed plans to use the mark MOTO 360 in connection with a smart watch, and that Plaintiff has used marks containing the word MOTO in connection with cell phones and cell phone accessories.   Defendant denies the remaining allegations in paragraph 40.

41.    UNorth's use of the mark MOTA is likely to cause confusion with Motorola's use of its registered MOTO Marks in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

**ANSWER:**    Defendant denies the allegations in paragraph 41.

42.    As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

**ANSWER:**    Defendant denies the allegations in paragraph 42.

43.    By registering and using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

**ANSWER:**    Defendant denies the allegations in paragraph 43.

44.    Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's

acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

**ANSWER:**     Defendant denies the allegations in paragraph 44.

<u>**Count II**</u>

**False Designation of Origin (15 U.S.C. § 1125(a))**

45.     Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–44 as if fully restated herein.

**ANSWER:**     Defendant adopts and incorporates by reference its answers to paragraphs 1–44 as if fully restated herein.

46.     Through longstanding use, Motorola Trademark Holdings, directly or through its predecessors in interest and/or its licensees, owns and has rights to use numerous MOTO Marks in connection with, among other things, mobile phones, accessories for mobile phones, wearable electronic devices, and related goods and services.

**ANSWER:**     Defendant has insufficient information to admit or deny the allegations in paragraph 46, and therefore qualifiedly denies those allegations.

47.     UNorth uses the mark MOTA in connection with accessories for mobile phones, wearable electronic devices, and other goods related to mobile phones.

**ANSWER:**     Defendant admits that it uses the mark MOTA in connection with some accessories for mobile phones and in connection with wearable electronic devices.   Due to the lack of specificity as to Plaintiff's meaning of "other goods related to mobile phones," Defendant has insufficient information to admit or deny the allegations in paragraph 47, and therefore qualifiedly denies those allegations.

48.     Motorola Trademark Holdings' rights in its aforementioned MOTO Marks predate

UNorth's first use of, and application to register, the mark MOTA in connection with accessories for mobile phones and other goods related to mobile phones.

**ANSWER:**     Defendant has insufficient information to admit or deny the allegations in paragraph 48, and therefore qualifiedly denies those allegations.

49.     UNorth's use of the mark MOTA is likely to cause confusion with Motorola's use of its MOTO Marks in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

**ANSWER:**     Defendant denies the allegations in paragraph 49.

50.     As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

**ANSWER:**     Defendant denies the allegations in paragraph 50.

51.     By registering and using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

**ANSWER:**     Defendant denies the allegations in paragraph 51.

52.     Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

**ANSWER:**     Defendant denies the allegations in paragraph 52.

## Count III

### Dilution by Blurring (15 U.S.C. § 1125(c))

53.     Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–44 as if fully restated herein.

**ANSWER:**     Defendant adopts and incorporates by reference its answers to paragraphs 1–52 as if fully restated herein.

54.     Motorola Trademark Holdings owns and has rights to use its federally registered MOTO Marks in connection with mobile phones, wearable electronic devices, accessories for mobile phones, and related goods.

**ANSWER:**     Defendant has insufficient information to admit or deny the allegations in paragraph 54, and therefore qualifiedly denies those allegations.

55.     As a result of Motorola's extensive use of the MOTO Marks, the general consuming public in the United States has grown to recognize Motorola Trademark Holdings' MOTO Marks as distinctive and famous, and Motorola Trademark Holdings' registered MOTO Marks acquired such fame prior to UNorth's first use of, or application to register, its MOTA mark.

**ANSWER:**     Defendant denies the allegations in paragraph 55.

56.     UNorth's use of the mark MOTA is likely to impair the distinctiveness of Motorola Trademark Holdings' famous MOTO Marks, resulting in dilution by blurring in violation of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c).

**ANSWER:**     Defendant denies the allegations in paragraph 56.

57.     As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

**ANSWER:** Defendant denies the allegations in paragraph 57.

58. Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

**ANSWER:** Defendant denies the allegations in paragraph 58.

<u>**Count IV**</u>

**Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*)**

59. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–58 as if fully restated herein.

**ANSWER:** Defendant adopts and incorporates by reference its answers to paragraphs 1–58 as if fully restated herein.

60. UNorth has used and is using the MOTA mark in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

**ANSWER:** Defendant denies the allegations in paragraph 60.

61. As a direct and proximate result of UNorth's unauthorized use of the mark MOTA, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

**ANSWER:** Defendant denies the allegations in paragraph 61.

62. By using the MOTA mark without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use of the mark MOTA, UNorth has wilfully infringed upon the rights of Motorola, with an intent to trade upon the fame

and goodwill associated with Motorola's MOTO Marks.

**ANSWER:**    Defendant denies the allegations in paragraph 62.

63.    Motorola Trademark Holdings is without an adequate remedy at law to redress UNorth's acts complained of herein and will be irreparably harmed unless UNorth is enjoined from committing and continuing to commit such acts.

**ANSWER:**    Defendant denies the allegations in paragraph 63.

64.    UNorth's acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

**ANSWER:**    Defendant denies the allegations in paragraph 64.

## Count V

**Violation of Illinois Unfair Business Practices Act (815 ILCS 505/1 *et seq.*)**

65.    Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–64 as if fully restated herein.

**ANSWER:**    Defendant adopts and incorporates by reference its answers to paragraphs 1–64 as if fully restated herein.

66.    UNorth's acts complained of herein violate the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

**ANSWER:**    Defendant denies the allegations in paragraph 66.

67.    As a result of UNorth's acts complained of herein, Motorola Trademark Holdings has been harmed.

**ANSWER:**    Defendant denies the allegations in paragraph 67.

WHEREFORE, Defendant UNorth LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff Motorola Trademark Holdings, LLC on all counts and claims in its

Complaint, and award Defendant such other and further relief as It deems equitable and just.


Dated: August 5, 2014                    **UNORTH, LLC**


                                By: */s/ William T. McGrath*

                                     William T. McGrath (1843567)
                                     Ross M. Drath (6312707)
                                     DAVIS McGRATH LLC
                                     125 S. Wacker Dr.
                                     Suite 1700
                                     Chicago, IL 60606
                                     Telephone: (312) 332-3033
                                     Fax: (312) 332-6376
                                     wmcgrath@davismcgrath.com
                                     rdrath@davismcgrath.com