**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA TRADEMARK HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UNORTH LLC,<br><br>      Defendant. | Case No. 14-cv-4215<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Geraldine Soat Brown |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 12, 2014, at the Chicago office of Katten Muchin Rosenman LLP and was attended by Kristin J. Achterhof and Jeffrey A. Wakolbinger for Plaintiff and William T. McGrath and Ross M. Drath for Defendant.

2. **Nature of the Case.**

    a. This case involves the following claims and counterclaims:

    Plaintiff's claims against Defendant include claims for trademark infringement, unfair competition, and trademark dilution under federal law, 15 U.S.C. § 1051 *et seq.*, and related state-law claims for violation of the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant has not raised any affirmative defenses or brought any counterclaims.

    b. The basis for federal jurisdiction is:

    The claims in Counts I-III arise under 15 U.S.C. §§ 1114, 1125(a), and 1125(c), respectively. Federal jurisdiction exists for these counts pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. Federal jurisdiction for Counts IV-V, which arise under state statutory law, exists pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. **Pre-trial Schedule.** The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:

The parties will seek discovery on the legal issues described above, including on the priority of the parties' rights and the likelihood-of-confusion factors applied in the Seventh Circuit. *See Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325 (7th Cir. 1977). Plaintiff will also seek discovery on its claimed damages.

b. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by **September 9, 2014**. All discovery (both fact and expert) to be commenced in time to be completed by **September 11, 2015**.

c. The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties agree to produce all ESI, to the extent practicable, in single-page TIFF, accompanied by Concordance load files. The parties will cooperate in discussing and agreeing on methodologies for identifying ESI, eliminating duplicative ESI, and developing filters or keywords for searches as discovery commences.

d. At this point, the parties expect they will need to take approximately 5–7 depositions each. This number may change as a result of facts learned in discovery, including facts that may indicate additional depositions of third parties may be appropriate.

e. Reports from retained experts under Rule 26(a)(2) due:

Initial reports by **June 18, 2015**.

Rebuttal reports by **August 7, 2015**.

f. All potentially dispositive motions should be filed by **October 16, 2015**.

[Note: The court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.]

4. **Trial Schedule.**

a. Final pretrial order: Plaintiff to prepare proposed draft by **January 15, 2016**; parties to file joint final pretrial order by **January 29, 2016**.

b. The case should be ready for trial by **February 22, 2016,** and at this time is expected to take approximately five to seven days.

5. **Cameras in the Courtroom.** The parties anticipate there may be the following types of evidentiary hearings: *Daubert* hearings and a jury trial. The parties certify that they have consulted the Court's policy concerning cameras in the courtroom and will submit the Response to Recording Request when appropriate.

6. **Settlement.** Plaintiff and Defendant exchanged settlement correspondence prior to Plaintiff's filing this lawsuit. On June 6, 2014, after filing the Complaint in this action, Plaintiff also made a settlement demand by letter addressed to UNorth's prior counsel, who responded in writing with a question on June 17. On July 8, Motorola made a final written demand before serving Defendant. Defendant refused Motorola's offer by email on July 14.

7. **Consent.** Parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: August 14, 2014

/s/ William T. McGrath
William T. McGrath (1843567)
Ross M. Drath (6312707)
DAVIS McGRATH LLC
125 S. Wacker Dr.
Suite 1700
Chicago, IL 60606
Telephone: (312) 332-3033
wmcgrath@davismcgrath.com
rdrath@davismcgrath.com

*Attorneys for UNorth LLC*

Respectfully submitted,

/s/ Jeffrey A. Wakolbinger
Kristin J. Achterhof (6206476)
Jeffrey A. Wakolbinger (6297872)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
kristin.achterhof@kattenlaw.com
jeff.wakolbinger@kattenlaw.com

*Attorneys for Motorola Trademark Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2014, I caused the foregoing ***Report of Parties' Planning Meeting*** to be filed via the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

/s/ Jeffrey A. Wakolbinger